WALKER (MITCHELL v.).    See Case No. 9,670.

## Case No. 17,080.

### WALKER v. MOORE.

[2 Dill. 256.] [1]

Circuit Court, E. D. Arkansas.   1873.

TAX DEEDS—SALE OF SEPARATE LOTS EN MASSE.

Under the statutes of Arkansas a tax deed which shows by its recitals that two or more

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

separate town lots were sold en masse, for a gross sum, is void on its face, and cannot be contradicted by evidence aliunde.

[Cited in brief in Knox v. Gaddis, 1 App. D. C. 338. Cited in Farnham v. Jones, 32 Minn. 13, 19 N. W. 86. Cited in brief in Hopkins v. Scott, 86 Mo. 142.]

Ejectment for lots 1, 2, and 3, in block 2, Little Rock. The defendants are the general owners of the property. The plaintiff claims under the tax deed hereinafter mentioned, made to him by the county clerk under authority conferred upon this officer by the laws of the state. Acts 1869, § 144. By the recitals of said tax deed to the plaintiff, it appeared that lot 4, in block 1, and lots 1, 2, and 3, in block 2, in Little Rock, were assessed for taxation upon the non-resident list for 1867, to Bliss & Schenck, and that the same were advertised for said taxes for sale on the 9th day of March, 1868. Before the day fixed for the sale, but after the advertisement, the deed recites, that the owners had paid the taxes and obtained an injunction against the collection of the penalty, but did not pay the costs of advertising. The tax deed recites that on said day fixed for the sale, the sheriff, as collector, "did proceed to sell at public auction the said lots of land in separate lots and parcels, for the non-payment of such costs of advertising, which amounted to the sum of $3.60, and at such sale Thomas H. Walker bid and offered to pay the said costs for the whole of said lots, and no person having bid or offered to pay such costs for a less quantity thereof, the same were then and there publicly struck off and sold to him for that sum." In consideration of said $3.60 the sheriff grants the said lots to the said Walker. The sheriff's certificate of sale shows that the costs charged for advertising lot 4 in block 1 were $1.80, made up of the following items: Advertising, 80 cents; clerk, 25 cents; levy and return, 75 cents; total, $1.80. And the like amount of $1.80 for lots 1, 2, and 3, in block 2. The tax deed and sheriff's certificate of sale were offered in evidence by the plaintiff to sustain title; the defendant objected to their introduction, because the deed was void on its face.

Gallagher & Newton, for plaintiff.

U. M. Rose, for defendant.

DILLON, Circuit Judge. The revenue statute of Arkansas requires the collector, on the day fixed for the sale of lands for delinquent taxes, to "proceed to offer for sale, separately, each tract of land and town lot contained in such list, on which the taxes and penalty have not been paid." Gould's Dig. 950, 118. "The person offering at such sale to pay the taxes charged on any tract or lot, for the least quantity thereof, shall be the purchaser of such quantity." Id. § 119. "Such tracts or lots as shall remain unsold for want of bidders shall be entered as sold to the state." Id. § 123.

Construing the recitals in the tax deed the most favorably for the plaintiff; they show that the several lots were offered in separate parcels, but sold en masse, for the gross sum of $3.60.

Under the statute each lot must be offered for sale separately, and if there be no bidders, the lot must be entered as sold to the state. There is no authority in the statute, after distinct lots have been separately exposed, and no bidders have been found, to group these lots, though belonging to the same owner, and sell them en masse. If this be done, the sale is void; and a deed showing, as in the deed to the plaintiff, that this course was pursued, is void on its face.

A deed void on its face for this reason cannot be validated by parol evidence contradicting the recitals in the deed.

We therefore hold that the tax deed offered by the plaintiff must be excluded. We also hold that the offer of the plaintiff to show by evidence, aliunde the deed, that there was a separate sale of lot 4 in block 1 is incompetent.

We also hold that the offer of the plaintiff to show by evidence, aliunde, that all of the requirements of the tax law of the state had been complied with, unless said requirements were violated by the sale of the lots together, must be rejected, for the reason that the deed recites a sale of said lots en masse, and is therefore void on its face, and hence it is immaterial whether the other requirements of the revenue law were complied with or not.

Judgment for defendant.

NOTE. Where the statute requires a sale in parcels, a tax deed showing a sale of several parcels, en masse, is void. Byam v. Cook, 21 Iowa, 393; Ferguson v. Heath, Id. 438; Harper v. Sexton, 22 Iowa, 442; Ackley v. Sexton, 24 Iowa, 320. See, also, Loomis v. Pingree, 43 Me. 299. As to assessment of several parcels as one tract, where so returned by the owner, Woodburn v. Wireman, 27 Pa. St. 18. As to recitals in tax deeds and their effect under the laws of Arkansas: Bonnell v. Roane, 20 Ark. 125; Hogins v. Brashears. 13 Ark. 242, 249; Bettison v. Budd, 21 Ark. 581; Patrick v. Davis, 15 Ark. 365; Twombly v. Kimbrough, 24 Ark. 464; McDermott v. Scully. 27 Ark. 226; Parker v. Overman, 18 How. [59 U. S.] 137.